### THOMAS F. DAY *versus* EBENEZER FRYE.

Under the Revised Statutes, brief statements of matters of defence, aside from such as would come under the general issue, must be certain to a common intent, as much as if stated in a special plea.

A notice of special matter to be given in evidence in defence under the general issue, must contain as distinct an allegation of the grounds of defence as would be required in a special plea, though not set forth with the same technicality.

But rules of special pleading can rarely be applied to brief statements and counter brief statements. The object of allowing these was to obviate that exactness of allegation and denial, by which parties were sometimes so entangled as to prevent a trial upon the merits.

It has been a favorite object of modern legislation to divest legal proceedings of abstruse technicalities. *Hence* the abolition of special pleading.

Another object has been to facilitate the administration of justice and to reduce the expenses incident thereto. *Hence,* actions are required to be entered on the first day of the term, and not later, except by special leave; and writs to be filed as early as the second day. *Hence* also, within a reasonable time, specifications of the nature and grounds of defence are required to be filed, and all allegations of the writ and declaration, not denied, are to be regarded as admitted at the trial.

The rule of Court, requiring that specifications of the nature and grounds of defence shall be filed in all actions, in accordance with the statute of March 16th, 1855, c. 174, § 4; that the defence shall in all cases be confined to the grounds therein set forth; and that all allegations in the writ and declaration, not therein specifically denied, shall be regarded as admitted for the purposes of the trial, is not repugnant to the provision of R. S., c. 115, § 18, abolishing special pleading, but is in strict harmony therewith and adapted to give it force and effect.

FACTS AGREED. Before MAY, J., presiding.

ASSUMPSIT upon an order of which the following is a copy:

"$100.    E. Frye:—Pay T. F. Day one hundred dollars on my account. Vassalboro', 7th Mo. 3, '54.    F. D. Dunham."

Indorsed,—"Rec'd twenty dollars.    7th Mo. 8th, 1854. $20,00."

The plea was the general issue.

The specifications of defence were,—"Action on order.— Defence, no funds in hands of drawee."

The declaration in the writ was upon the order accepted by the defendant.

The plaintiff read the order and there rested his case.

Day *v.* Frye.

Whereupon the case was withdrawn from the jury and submitted, by the agreement of parties, to the full Court, who are to enter up judgment as the law and evidence require.

The defendant objected to the reading of the indorsement without proof of the handwriting.

*Drummond,* for plaintiff.

The case was tried at March term, Kennebec, 1856.

The declaration shows a good cause of action.

The specifications do not deny any of the allegations in the declaration. By the 9th rule, then, of this Court, all the allegations in the declaration are to be regarded as admitted for the purposes of the trial.

As the defendant introduced no proof, the plaintiff, had the case gone to the jury, would have been entitled to a verdict, for the amount due on the order declared on.

He is now entitled to judgment for that amount.

*Vose,* for defendant.

By c. 115, § 18, R. S., special pleading is abolished, and the defendant may in all cases plead the general issue.

The law of 1855 does not repeal, nor in any way conflict with c. 115, § 18, of the Revised Statutes. The sole object of the statute of 1855 was, to inform the Court what actions were intended for trial, and the adverse party of the general nature of the defence. It was not the intention of that Act, to limit the party to the defence specified. Hence the language of the statute, " he shall file a specification *in brief.*"

Rule 9th of the Court, it is contended, is in direct conflict with the Act abolishing special pleading. R. S., c. 115, § 18. It is an attempt on the part of the Court, *by legislation,* to require parties to plead specially, and to limit them to their special plea, when the law had abolished special pleading.

The law of 1855, under which the rule was made, it is to be observed, has been repealed by the Act of 1856, April 9th, in relation to the Supreme Judicial Court.

The plaintiff having stopped in his testimony, without having made out a *prima facie* case, should become nonsuit.

*Drummond,* in reply.

It would seem, that a rule adopted after due deliberation by the whole Court, would have the binding effect of a decision.

But the rule is not invalid.

I. It is merely declaratory of the statute of 1855, and if the rule had not been adopted, the practice must have been the same under the statute, as is required under the rule. By the statute itself, the defendant could set up no defence, other than that stated in his specifications.

II. The rule simply obliges defendants to assert their rights seasonably; it deprives them of no rights. It is precisely similar to the rule requiring pleas in abatement to be filed within the first two days of the term.

The rule comes within the spirit of the decisions in *McDonald* v. *Bailey,* 14 Maine, 101; *Willis* v. *Cresey,* 17 Maine, 9; *Sellars* v. *Carpenter,* 27 Maine, 497; *Libbey* v. *Cowan,* 36 Maine, 264. In these cases, two rules of the Court are sustained, and vindicated against this same objection.

III. The rule does not conflict with the statute abolishing special pleading, any further than the statute, under which it was made, conflicts with it.

But, in truth, the rule in question concerns only the time of filing statements or pleadings. It has nothing to do with their forms.

The repeal of the law of 1855, since the case was made up, cannot in any way affect it.

Rice, J.—By § 4, c. 174, laws of 1855, it was provided that, in "all civil cases hereafter entered in said (Supreme) Court, when the defendant appears and desires a trial, he shall, at least fourteen days before the commencement of the term next after the entry of the action, or service on him, file with the clerk of the Court a specification in brief of the nature and grounds of his defence, with a declaration signed by himself or his attorney that the declarant believes that there is a good defence to all or a part of the plaintiff's claim, and that he intends, in good faith, to make such defence. And no action

Day *v.* Frye.

shall be placed upon the trial docket unless such specification and declaration has been filed as aforesaid."

" The Court shall, from time to time, establish and record all such rules and regulations as may be necessary, respecting the modes of trial and the conduct of business, not being repugnant to law, whether in relation to suits at law or in equity." R. S., c. 96, § 9.

In July, 1855, the full Court, among other rules and regulations, established the following with regard to *specifications of defence.*

" Parties filing specifications of the nature and grounds of defence, with the clerk, under the Act of March 16, 1855, (c. 174, § 4,) shall in all cases be confined, on the trial of the action, to the grounds of defence therein set forth; and all matters set forth in the writ and declaration, which are not specifically denied, shall be regarded as admitted for the purposes of the trial."

It is now contended that this rule is inoperative and void, because repugnant to the provisions of c. 115, § 18, of R. S., by which special pleading is abolished. Is this so ?

Section 18, c. 115, provides that the defendant may, in all cases, plead the general issue, which shall be joined by the plaintiff, and he may give in evidence any special matter in defence, when the issue is to be joined to the country; *provided he shall, at the same time, file in the cause a brief statement of such special matter.*

The statute providing that brief statements may be filed with the general issue, must be regarded as requiring a specification of matters relied upon in defence, aside from such as would come under the general issue, to be certain to a common intent, as much so as if insisted on in a special plea; and no proof is admissible, except in support thereof, or of the defence under the general issue. *Washburn* v. *Mosely,* 22 Maine, 160.

A notice of special matter to be given in evidence under the general issue, must contain as distinct an allegation of the grounds of the defence as would be stated in a special plea,

although it need not have the technicality of a special plea. *Brickett* v. *Davis*, 21 Pick. 404.

The rules applicable to special pleading can rarely be applied to brief statements and counter brief statements. One of the important purposes designed to be accomplished by allowing them to be used instead of pleas and replications, was to relieve the parties from that exactness of allegation and denial, by which parties were sometimes so entangled as to prevent a trial upon the merits. *Trask* v. *Patterson*, 29 Maine, 499.

To divest legal proceedings of all abstruse technicalities has been a favorite object of modern legislation. Hence the abolition of special pleading and the substitution of the proceeding by brief statement. It was to render simple, plain and certain, that which before, to the common mind, at least, was dark, complicated and uncertain.

Another object of modern legislation has been to facilitate the administration of justice, and to reduce as much as practicable the expense incident thereto.

Section 1, of c. 115, provides that no action shall be entered in the Supreme Judicial Court after the first day of the session thereof, without the special permission of the Court. The object in view, in requiring the action to be entered on the first day of the term, was to enable the defendant to file any motion or plea which he might desire for the abatement of the action, before large costs had accrued, and to this end such pleas and motions are required to be filed as early as the second day of the term. Then again, to the end that defendants may have an opportunity to be fully informed of the character of the proceedings which may be instituted against them, and know how to file their specifications or other grounds of defence, a rule of Court provides, that "writs are to be filed before entry of the action, and are to remain on file."

The plaintiff thus having, by statute provision, and a rule of Court designed to make that provision effective, entered his action and placed his writ containing his claim and the

grounds on which it rests, within reach of the defendant, the Legislature again interpose and say to the defendant, that after a reasonable time he shall disclose to the plaintiff the grounds of his defence, or in the language of the statute, he shall "file with the clerk of the Court a specification, in brief, of the nature and grounds of his defence." The objects of these provisions are most manifest; they are simply, that each party may be fully apprised, at an early day, of the claims and answers of the other, and of what is really in controversy between them. These claims and answers are required to be set out substantially; in brief, simple, but distinct language, without technical formality.

Then comes in view another object of the Legislature; the prevention of unnecessary cost to the parties. Hence, the provision of the rule, "and all matters set forth in the writ and declaration, which are not specifically denied shall be regarded as admitted for the purposes of the trial." And why should they not be? The rule does not deprive the defendant of the right to call upon the plaintiff to prove every allegation in his writ and declaration. It only requires the defendant to notify his opponent of the points in his claims which he intends to controvert, to the end that he may be prepared with testimony on the contested matters, and that he may not bring in witnesses and thereby increase costs to establish propositions which are not contested. In my judgment the rule is not only not repugnant to the statute provision but in strict harmony with it, and well adapted to give it force and effect.

Nor is the provision novel in principle. Motions and pleas in abatement, must be made in one of the first two days of the term to which the writ was returnable, or the defects to which they might have been interposed, are deemed to be waived. So, too, notice must be given of the denial of signatures, or their genuineness are deemed to be admitted. And, in this very statute, provision is made that no action shall be placed on the trial docket, unless such specification and declaration has been filed, as aforesaid. But it shall be the

duty of the Court, at an early and convenient time, to dispose of the actions not placed upon the trial docket, by nonsuit, default, or otherwise, according to the rights of the parties, and as the proper and prompt administration of justice may require; they deeming the whole cause of action to be admitted. That it was the design of the provision of the statute to which we have alluded to diminish the "law's delay," we have no doubt, and such, we think, was its tendency. The object of the rule alluded to was to protect the rights of parties, under the operation of the provisions of the statute, and to give effect to the statute itself. The statute has been repealed, whether wisely or unwisely, we express no opinion. But its repeal cannot affect this case, not having occurred until after this action was tried. *Defendant defaulted.*

TENNEY, C. J., and CUTTING, APPLETON, and MAY, J. J., concurred.